UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD G. JONES,

    Plaintiff,

       v.

UNITED STATES SUPREME COURT,
et al.

    Defendants.

Civil Action No. 10-0910 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's pro se complaint. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint, "[n]otwithstanding any filing fee," upon a determination that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e) (2)(B). Plaintiff Donald Jones bring this suit against the United States Supreme Court and over 40 justices, judges, Clerks of Court and their deputy clerks, for actions they have taken in cases he has filed in several federal courts.[1] In the course of his 597-page complaint, he alleges primarily that defendants have acted unlawfully in denying various applications to proceed in forma pauperis, issue summonses, accept his documents for filing, refusing to recuse themselves from his cases, and generally failing to execute their judicial offices. He seeks damages in the amount of $42,000,000,000, and injunctive relief against all

---

[1] The U.S. Supreme Court defendants are Chief Justice Roberts, Justices Kennedy, Thomas, Scalia, and Breyer, the Clerk of Court William K. Suter, and deputy clerks Jeffrey Atkins, Christopher Vasil, and Gail Johnson. The other defendants are numerous circuit and district judges, Clerks of Court, and their deputies from the following jurisdictions: the U.S. District Court for the District of Columbia, the U.S. District Court for the Northern District of Georgia (Atlanta Division), the U.S. Court of Appeals for the Eleventh Circuit, the U.S. District Court for the Eastern District of Louisiana, and the U.S. Court of Appeals for the Fifth Circuit.

defendants to prevent them from further violating their judicial duties.  See Compl., ECF Doc. No. 1, at 572.

Judges are absolutely immune from lawsuits predicated on acts taken, as alleged here, in their judicial capacities.  Forrester v. White, 484 U.S. 219, 225 (1988); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993).  This immunity extends to court clerks who perform "tasks that are an integral part of the judicial process."  Sindram, 986 F.2d at 1160-61; Hilska v. Suter, 308 Fed. App'x 451, 452 (D.C. Cir. 2009) ("clerks enjoy absolute immunity from damages for performance of tasks that are an integral part of the judicial process").  The clerk or deputy clerk's receipt and processing of a litigant's filings and management of summonses are part and parcel of the process of adjudicating cases.  Reddy v. O'Connor, 520 F. Supp. 2d 124, 130 (D.D.C. 2007).

To the extent plaintiff seeks injunctive relief stemming from rulings, he is in the wrong court.  This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act.  See, e.g., Hilska, 308 Fed. App'x at 452 ("Lower courts have no supervisory authority over the Supreme Court or its employees.") (citing Marin v. Suter, 956 F.2d 339, 340 (D.C. Cir. 1992)); Sanders v. United States, 184 Fed. App'x 13, 14 (D.C. Cir. 2006) (holding that the district court "lack[s] jurisdiction to review decisions" of another U.S. court of appeals) (per curiam).

The complaint therefore will be dismissed.  A separate Order accompanies this Memorandum Opinion.

                                           /s/
                                 JOHN D. BATES
                           United States District Judge

Date:  June 9, 2010